**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BONNIE LEE DAYE,
<u>Plaintiff-Appellant,</u>

v.                                                                                    No. 98-1620

ANTHONY M. BRANNON,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
 James A. Beaty, Jr., District Judge.
(CA-97-1129)

Submitted: October 30, 1998

Decided: December 1, 1998

Before WIDENER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marvin Sparrow, Durham, North Carolina, for Appellant. Michael F.
Easley, Attorney General, Mark J. Pletzke, Assistant Attorney Gen-
eral, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Plaintiff, Bonnie Lee Daye, appeals the district court's order dismissing his pro se civil rights complaint. Daye alleges that the district court erred in finding that his claims were barred by absolute prosecutorial immunity. Finding no error, we affirm.

Daye alleged in his complaint that the defendant, Anthony M. Brannon, was a district attorney in Durham, North Carolina, in 1971. At that time, Brannon prosecuted Daye for possession and sale of a controlled narcotic substance. During the trial, Brannon presented the testimony of prosecution witness Ronald Brent Mann. Daye alleges that Brannon encouraged or directed Mann, who had previously been arrested on an unrelated case, to testify falsely that Daye gave drugs to Mann and another individual. Daye provided an affidavit by Mann in which Mann states that he never received drugs from Daye and that he only testified against Daye because Brannon promised to dismiss the charges against him. Daye argues that because of Mann's false testimony, he was indicted and found guilty of the drug offense and sentenced to a ten-year term of imprisonment. His complaint sought $228,000 in damages for physical and emotional pain that he claims he suffered as a result of his imprisonment.

The district court determined that the complaint was brought under 42 U.S.C.A. § 1983 (West Supp. 1998) and dismissed the complaint, reasoning that Daye's claims against Brannon in his official capacity were barred by Eleventh Amendment immunity and that the claims against him in his individual capacity were barred by absolute prosecutorial immunity. On appeal, Daye only assigns error to the dismissal of the claims against Brannon in his individual capacity.

A prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This court has repeatedly reaffirmed that a prosecutor is entitled to absolute immunity for claims that rest on his decisions regarding "whether and when to prosecute." Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (quoting Imbler, 424 U.S. at 431 n.33); see also Ehrlich v. Giuliani, 910 F.2d 1220, 1223 (4th Cir.

2

1990). Absolute immunity also protects a prosecutor against claims that he elicited false testimony. See Burns v. Reed, 500 U.S. 478, 489-90 (1991); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994). Indeed, we have held that a prosecutor has absolute immunity for claims that he suborned perjury before a grand jury, because seeking an indictment is a prosecutorial activity intimately associated with the judicial phase of the criminal process. See Lyles, 79 F.3d at 377. Given this precedent, we agree with the district court that Brannon has absolute immunity from any charges that he suborned or presented perjured testimony at either the grand jury or trial phase of the proceedings against Daye.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3